```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

DAVID FRANCIS GAY,              :
        Plaintiff               :
                                :
    v.                          :
                                :   CIVIL NO. 1:04CV289
CORRECTIONAL MEDICAL SERVICES,  :
KEITH TALLON, TOM BUCK,         :
and MELISSA CHENNEY,            :
        Defendants              :
_____:
```

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Paper 45)

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, e.g., Atlantic Mut. Ins. Co. v. CSX Lines, LLC, 432 F.3d 428, 433 (2d Cir. 2005).  The burden is on the moving party to demonstrate there is no material fact genuinely in dispute.  See Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004).

The Court's role when considering a motion for summary judgment is to determine whether, in light of the applicable law, there are genuine, unresolved issues of material fact to be tried.  See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004).  When ruling, the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party.  See Johnson v. Wright, 412

1

F.3d 398, 403 (2d Cir. 2005).  Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

For the purpose of deciding this motion, the Court finds the following.  Plaintiff David Francis Gay is an inmate formerly housed at the Southern State Correctional Facility in Springfield, Vermont.  He alleges, inter alia, that the defendants failed to provide him constitutionally adequate treatment for injuries to his legs and back.

In relevant part, the Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The defendants base this motion on the contention that the plaintiff has failed to exhaust his administrative remedies; therefore, his complaint must be dismissed.  See Paper 45 at 7.  The defendants bear the burden of proving plaintiff's failure to exhaust.  See Martin v. Gold, 2005 WL 1862116, * 5 (D. Vt. Aug. 4, 2005).

The Vermont Department of Corrections has adopted a four-step grievance procedure, delineated in Offender Grievance-Directive 320.01, which is available to all inmates.  See

generally Affidavit of John Murphy (Paper 46) and appended exhibits.  According to Directive 320.01, inmates may file a grievance related to any issue using preprinted forms and the following procedure.  First, the inmate files Grievance Form #1 with the local facility.  That filing triggers an investigation and a response to the inmate using Grievance Form #2.  If the inmate is not satisfied with the response in Grievance Form #2, or if the complaint is deemed denied because staff has not responded within an appropriate time, the inmate may file Grievance Form #3 with the Commissioner of the Department of Corrections.  As the fourth step, the Commissioner or his designee responds to the grievance set forth in Form #3 within a reasonable amount of time.  See Paper 46 at para. 4.

According to John Murphy, the hearings administrator for the Vermont Department of Corrections, "[t]he receipt of offender grievances, and responses thereto, are recorded at every stage of the review process in the Department's database."  Paper 46 at para. 5.  Mr. Murphy further explains:

> According to Department records and its electronic database, Plaintiff began to file grievances concerning medical treatment for injuries sustained in an automobile accident on October 5, 2004.  Between this date and the date on which he filed the instant action, October 26, 2004, Plaintiff filed six grievance #1 forms concerning medical treatment. . . .  He filed a seventh grievance form #1 that the Department considered to be a "duplicate grievance form. . . . Plaintiff's grievances were subsequently responded to in six grievance #2 forms. . . .  The herein attached

>are true and accurate copies of those maintained by the Department on Plaintiff.

Paper 46 at para. 6.  It therefore appears the plaintiff has not exhausted his remedies because he has never filed a Grievance Form #3.  See Paper 46 at para. 7.

The plaintiff, however, has provided a copy of a Grievance Form #3, dated October 23, 2004, some three days before the filing of plaintiff's Complaint.  See Affidavit of Plaintiff's Attorney (Paper 57).  The subject of this grievance, addressed to the Commissioner, is the same one which underlies this suit. According to Correctional Officer Heather Clayton, the plaintiff presented her with this form, which she signed and returned to Mr. Gay "in accordance with department practice . . . for him to file with the Commissioner's Office."  Affidavit of Heather Clayton (Paper 49) at para. 3.

Given the fact that the Grievance Form #3 is not logged into the Department's database, it appears plaintiff never forwarded it to the Commissioner.  The procedure, however, seems ambiguous. Directive 320.01 I.B. indicates that "[a]ll inmates shall be allowed to communicate grievances directly to the commissioner . . . ."  Yet, it remains curious why Clayton did not accept Grievance Form #3 for forwarding to the Commissioner when she signed the document next to a line indicating: "Staff Member Receiving this Appeal," with the "White" copy going to the "Central Office."  These notations seem to suggest it is a

4

Correctional Staff member who is responsible for forwarding an appeal so "received".  <u>See</u> Grievance Form #3 (appended to Paper 57); <u>see</u> <u>also</u> Directive 320.01 at VIII (appended to Paper 46) ("Receipt for Grievance: A. Grievance forms 1, 2, and 3 shall be 3-part NCR papers.  The offender will retain the bottom copy of the grievance 1 and 3 forms.  *The top two copies will be sent on for processing.*") (emphasis added).

The Second Circuit has set forth a three-part inquiry where a prisoner seeks to counter a defendant's contention that he has failed to properly exhaust administrative remedies.  <u>See</u> <u>Hemphill</u> <u>v. New York</u>, 380 F.3d 680 (2d Cir. 2004).

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. . . .  The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it. . . or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. . . .  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether "special circumstances" have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements. . . .

<u>Id.</u> at 686 (citations and quotation marks omitted).

In this case, the Court finds the defendants have not carried their burden of demonstrating the plaintiff failed to

exhaust his remedies.  Plaintiff presented his Grievance Form #3 to a correctional officer, who inexplicably maintains she returned it to him instead of forwarding it the Commissioner, as was seemingly required.  This fact either estops the defendants from relying on lack of exhaustion, or in the alternative, presents a special circumstance suggesting the prisoner attempted to comply with administrative procedural requirements.  See, e.g., Ruggiero v. County of Orange, 467 F.3d 170, 178 (2d Cir. 2006) (failure to exhaust excused where caused by defendant's own actions); Brownell v. Krom, 446 F.3d 305, 313 (2d Cir. 2006) (exhaustion excused where defendant "frustrated administrative appellate review").

Finally, since the plaintiff has apparently been released from custody, see Paper 56, n. 1, it appears this administrative remedy is no longer available to the plaintiff, see Hemphill, 380 F.3d at 691.

The defendant's Motion for Summary Judgment, based upon the plaintiff's alleged failure to exhaust his administrative remedies, is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 9th day of February, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge